IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA<br>75781 Valley View Road<br>Hudson, OH  44236<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE<br>c/o The Secretary of the Air Force<br>1670 Air Force Pentagon<br>Washington, DC 20330-01100<br><br>and<br><br>THE UNITED STATES DEPARTMENT<br>OF JUSTICE<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530-0001<br><br>Defendants. | COMPLAINT<br>(Freedom of Information<br>Act, 5 U.S.C. §552). |

Comes now the Plaintiff, David Codrea, by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by the Department of the Air Force and the United States Department of Justice.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3.      Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4.      Plaintiff David Codrea ("Codrea") is an adult male resident of the state of Ohio and an internet blogger and Second Amendment journalist. In 2011, Codrea was named "Journalist of the Year" by the Second Amendment Foundation for his groundbreaking work exposing the "Fast and Furious" ATF "gunwalking" scandal, and was a co-recipient of Soldier of Fortune Magazine's "2nd Amendment Freedom Fighter Award," and Jews for the Preservation of Firearms Ownership's "David and Goliath Award" for his work on that story. He was also named a 2014 Defender of Liberty by the Second Amendment Foundation.

5.      Defendant U.S. Department of Justice is an agency of the United States Government headquartered at 950 Pennsylvania Ave, NW, Washington, DC 20530-0001.  Defendant has possession, custody and control of records to which Plaintiff seek access.

6.      Defendant Department of the Air Force is an agency of the United States Government which may be served by serving a copy of the

summons and complaint to the Secretary of the Air Force, 1670 Air Force Pentagon, Washington, DC 20330-1670.  Defendant has possession, custody and control of records to which Plaintiff seek access.

## STATEMENT OF FACTS

7. On or about November 6, 2017, Plaintiff submitted a Freedom of Information Act (FOIA) request to the National Personnel Records Center for records concerning Devin P. Kelley.  A copy of same is attached as Exhibit "A" to this complaint.

8. The FOIA sought the following information:

> Pursuant to the Freedom of Information Act (5 U.S.C. § 552), I hereby request all releasable information on Devin Patrick Kelley.  It is understood that Kelley received a bad conduct discharge or dishonorable discharge from the US Air Force sometime in 2014 or earlier.  I have located the following information online which may help identify him: U.S. v. Devin P. Kelley.  CCA 38267. No. 14-0387/AF.  I understand that he lived in New Braunfels, Texas and was twenty-six years of age.  I specifically would like the court martial transcripts and all information that is releasable for a deceased individual[].

9. A response was received from the National Personnel Records Center which could not identify any responsive information.

10. On November 20, 2017, Plaintiff resubmitted his FOIA to the Department of the Air Force.  On November 28, 2017, the Department of the Air Force responded and assigned the request a case number: 2018-00645-F.  See Exhibit "B".

11. On December 1, 2017, the Department of the Air Force, in apparent conjunction with the Federal Bureau of Investigation (FBI), denied Plaintiff's FOIA in full. That correspondence assigned the FOIA request an additional case number: 1389279-000. See Exhibit "C".

12. On or about December 3, 2017, Plaintiff appealed the determination through an online portal and submitted an identical appeal through email to "Beasley, Janet F CIV USAF SAF-AA (US)". A copy of the email is attached as Exhibit "D".

13. On January 23, 2018, undersigned received the denial from the Department of Justice, affirming the denial of the appeal. See Exhibit "E".

14. The requested information are public records under FOIA and further, court martial transcripts are public record.[1]

15. As of the date of this Complaint, the Defendants have failed to produce the requested records or demonstrate that the requested records are *lawfully* exempt from production.

16. Instead, the Defendants have impermissibly attempted to utilize exemptions that do not apply to the requested documents and have not

---

[1] https://www.jagcnet.army.mil/Sites/ACCA.nsf/homeContent.xsp?documentId=9FB06303763F8D9A85257B430052AA36

segregated any documents that are releasable which the agencies have a duty to accomplish.

17. Plaintiff has exhausted his administrative remedies and this lawsuit is properly before this Court.

### COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Plaintiff is being irreparably harmed by reason of Defendants' violations of FOIA and Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to comply with FOIA.

20. Plaintiff's administrative remedies are exhausted and therefore, this lawsuit is properly before this Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendants to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 29th, 2018

Respectfully Submitted,

DAVID CODREA

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*